CHARLES SMITH et al., Doing Business as DUTCH HILL POULTRY FARM, Respondents, v. ÆTNA CASUALTY AND SURETY COMPANY, Appellant.— Appeal from an order of a Special Term, Supreme Court, Cortland County. Defendant had issued to plaintiffs a policy of insurance covering loss of 12,000 laying hens, not to exceed $24,000. The risk covered loss by death of the hens from fire, lightning, smoke, windstorm, hurricane, hail, collision, flood and certain other categories. It was provided that such death was to be " directly and immediately resulting from " the enumerated risks  The policy contained a clause that it did not insure against loss " unless death by a peril against which this policy insures results or is made necessary within 24 hours after inception of the loss ". The complaint alleges that on February 25, 1956 " a windstorm and hurricane " occurred which weakened the structure of the plaintiffs' chicken house to such an extent that a large part of the house collapsed on June 6, 1956 killing a number of chickens and requiring the killing of others due to injuries. Defendant on an affidavit showing the pertinent facts moved for summary judgment; no affidavit was filed in opposition by plaintiffs to " show such facts as may be deemed by the judge sufficient to entitle " them to a trial of the issues under rule 113 of the Rules of Civil Practice, and we take the facts as thus tendered by the defendant as true and undisputed and the issue

becomes one of law. We are of opinion that since the death of the chickens must result "directly and immediately" from one of the risks insured against, here alleged to be the "wind and hurricane" of February 25, the deaths due to a delayed and hidden effect on the structure of the building were not an immediate consequence of the storm. If, to take an example of the other risks insured against, a collision of a vehicle occurred causing no immediate deaths of hens, but some considerable time later the vehicle broke down due to the collision causing deaths of hens, we would think this might be a direct, but certainly not an immediate, result of the collision. Further than this, the "inception of the loss" means inception by the risk insured against, and by plaintiffs' theory the loss was caused, i.e., had its inception, on February 25 when the storm weakened the building. Concededly the deaths "by a peril against which this policy insures" did not result within 24 hours of that time. We see no triable issue. Order denying defendant's motion for summary judgment reversed and motion granted, without costs. Bergan, J. P., Gibson, Herlihy and Reynolds, JJ., concur.